13064

RAY v. SPENCER

(156 S. E., 874)

July, 1929.

*Messrs. John M. Daniel, Attorney General, Cordie Page* and *J. Ivey Humphrey, Assistant Attorneys General* and *Nat Turner,* for appellant,

*Mr. G. W. Speer,* for respondent,

February 16, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

I think that the Act March 4, 1929, 36 Stat., 277, was intended to relieve nonresident owners of motor vehicles, not engaged in commercial transportation, from the payment of

license registration fees in cases where they were duly registered and licensed in the State of their domicile, and was intended to include also in the exemption the nonresident owners of motor vehicles engaged in passenger transportation who should not remain temporarily in this State for a longer period than 90 days. The Act specifically provides that such exemption shall not apply to the owner of any commercial vehicle other than as above indicated. While the Act contains a repeal of Section 3059 of the Civil Code of 1922, it specifically provides that it was not intended to alter, change, or repeal any of the provisions of the Act April 8, 1925, 34 Stat., 252. In the latter Act, the requirement for registration and license as applied to motor vehicles of every kind is specifically provided for, and Section 14 provides for a punishment for the violation of any provision of the Act or for the failure to observe any lawful order, decision, or rule or regulation, demand, or requirement of the commission. It appears that the Act of 1929, in repealing Section 3059, has repealed the penalty provided for in Section 3059; and that Section 631 of the Criminal Code which refers to Section 3059 (erroneously referred to as 3058) has eliminated the penalty; but, as the Act of 1929 specifically leaves of force the Act of 1925, which, as stated, contains ample provision for the requirement of registration and license by the owners of motor vehicles of every class, private and commercial, resident and nonresident, the legislative hiatus is of no consequence.

I think, therefore, that the decree of the Circuit Judge should be reversed, and the complaint dismissed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER, concurring herewith, this opinion becomes the judgment of the Court, and the complaint accordingly is dismissed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER and CARTER concur.